[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 21-13835

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WILIS A. SANTIAGO RIVERA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:19-cr-00406-TPB-TGW-7

_____

Before JORDAN, NEWSOM, and BLACK, Circuit Judges.

PER CURIAM:

Wilis Santiago Rivera appeals his conviction for conspiracy to possess with intent to distribute 400 grams or more of fentanyl. First, Santiago Rivera asserts the district court violated his Sixth Amendment Confrontation Clause rights by allowing the Government to introduce transcripts of translated telephone calls when the original translator was not offered as a witness and was not subject to cross-examination. Santiago Rivera also asserts the district court abused its discretion in admitting evidence of a drug transaction that occurred two and half months before he was allegedly involved in the drug conspiracy. After review, we affirm.

## I. DISCUSSION

### A. Confrontation Clause

Under the Confrontation Clause, "the accused shall enjoy the right . . . to be confronted with the witnesses against him." U.S. Const. amend. VI. In *Crawford v. Washington*, the Supreme Court explained the Confrontation Clause's "primary object" is "testimonial hearsay." 541 U.S. 36, 53 (2004). If hearsay is "testimonial," the Confrontation Clause forbids its introduction at trial, unless: (1) the declarant is unavailable, and (2) the defendant had a prior opportunity to cross-examine the declarant. *Id.* at 53-54. Testimonial statements include statements that are the functional equivalent of in-court testimony, such as affidavits, depositions, prior

testimony, and statements made under circumstances which would lead an objective witness to reasonably believe the statement would be available for use at a later trial. *Id.* at 51-52. We clarified the Confrontation Clause prohibits only testimonial statements that constitute impermissible hearsay, because the Clause does not bar the use of testimonial statements for purposes other than establishing the truth of the matter asserted. *United States v. Jiminez*, 564 F.3d 1280, 1286-87 (11th Cir. 2009) (citing *Crawford*, 541 U.S. at 59 n. 9).

In a case with a translated wiretap transcript, we held the Confrontation Clause is not violated when an individual who independently reviewed the underlying recordings and transcripts for accuracy is subject to cross-examination. *United States v. Curbelo*, 726 F.3d 1260, 1275-76 (11th Cir. 2013) (explaining that the Confrontation Clause "only insists that testimony be subject to cross-examination"). The Confrontation Clause does not require that "anyone whose testimony may be relevant in establishing the chain of custody . . . must appear in person as part of the prosecution's case." *Melendez-Diaz v. Massachusetts*, 557 U.S. 305, 311 n.1 (2009).

Plain error review applies to Rivera's Confrontation Clause claim as he objected to the translated transcripts only on hearsay and authenticity grounds. *See United States v. Arbolaez*, 450 F.3d 1283, 1291 & n.8 (11th Cir. 2006) (reviewing for plain error where a defendant did not lodge a timely Confrontation Clause objection and explaining a hearsay objection to testimony at trial, standing alone, does not preserve a constitutional challenge under the

Confrontation Clause for appeal).  We note Santiago Rivera had access to the transcripts well over a year before trial began.  Despite having the transcripts since the first discovery production, Santiago Rivera failed to produce any alternative transcripts or point to any errors in the transcripts.  Santiago Rivera cannot show a Confrontation Clause error existed, plain or otherwise, because (1) the transcripts did not constitute testimonial hearsay, and (2) the Government offered witnesses who testified as to the transcript's accuracy based on an independent review of the telephone calls and transcripts.

First, Santiago Rivera's assertion the written transcripts constituted inadmissible hearsay as translations of the interpreter has been rejected by this Court. *See United States v. Alvarez*, 755 F.2d 830, 859-60 (11th Cir. 1985) (holding translations of a defendant's statements do not constitute impermissible hearsay, because the interpreter acts as the defendant's agent, where the interpreter had sufficient capacity and no motive to mislead).  Neither the statements of Santiago Rivera nor his co-conspirators in furtherance of the conspiracy would be considered hearsay under the Federal Rules of Evidence. *See* Fed. R. Evid. 801(d)(2)(A), (E).  Nothing suggests the translator did not have sufficient capacity to interpret the telephone calls or that the translator had any motive to mislead the agents. *See Alvarez*, 755 F.2d at 859-60.

Second, although the Government did not proffer its original translator as a witness, the record shows it offered Special Agent Hayley Hovhanessian, who testified as to the process.  She testified that monitors and linguists were located in a secured, limited-

access room and listened to the calls, read the texts, and transcribed the wires if they were in Spanish.  Special Agent Santos Miranda testified he had listened to the calls and reviewed the transcripts, and the English translations were substantially accurate.  Further, Juan Ramos admitted to being a party on the recordings and testified as to the transcripts' accuracy.  The Confrontation Clause "only insists that testimony be subject to cross-examination," and Ramos and Special Agents Hovhanessian and Miranda were all cross-examined; thus, the Confrontation Clause was not violated. *See Curbelo*, 726 F.3d at 1275; *see also Melendez-Diaz*, 557 U.S.  at 311 n.1.

The district court did not err, plainly or otherwise, by allowing the Government to introduce the translated transcripts without offering the original translator as a witness.[1]

---

[1] Santiago Rivera's reliance on *United States v. Charles*, 722 F.3d 1319 (11th Cir. 2013), and *Bullcoming v. New Mexico*, 564 U.S. 647 (2011), is misplaced. As Santiago Rivera concedes, in *Charles*, the witness testified as to an interpreter's statements.  *See Charles*, 722 F.3d at 1323-24.  This is distinguishable from Miranda offering testimony as to the transcript's accuracy based on his independent review, rather than statements by the original translator.  In *Bullcoming*, the government sought to introduce a forensic laboratory report containing a testimonial certification through the in-court testimony of an analyst who did not sign the certification or perform or observe the reported test.  *See Bullcoming*, 564 U.S. at 657.

6                          Opinion of the Court                    21-13835

## B.  Evidence of Drug Transaction

Rule 401 of the Federal Rules of Evidence provides that evidence is relevant if (1) it has any tendency to make a material fact more or less probable than it would be without the evidence and (2) the fact is of consequence in determining the action.  Fed. R. Evid. 401.  Relevant evidence is generally admissible, whereas irrelevant evidence is never admissible.  *See* Fed. R. Evid. 402.

The district court did not abuse its discretion in concluding the evidence from the November 2018 drug transaction was relevant.  *See United States v. Dothard*, 666 F.2d 498, 501 (11th Cir. 1982) (stating a trial court has broad discretion in determining the admissibility of evidence, and its determination will not be disturbed absent a clear abuse of discretion).  Santiago Rivera was not observed at the scene in November 2018.  However, the photograph of the recovered drugs and related testimony showing the drugs involved in Santiago Rivera's drug transaction was from the same shipment tested by the DEA and found to be fentanyl made it more probable the substance he conspired to possess was fentanyl.  Fed. R. Evid. 401.  Under these circumstances, and considering the district court's broad discretion in determining the admissibility of evidence, the district court did not abuse its discretion by admitting the November 2018 drug transaction evidence.  *See id.*

## II.  CONCLUSION

The district court did not err in allowing the Government to introduce the translated transcripts or abuse its discretion in admitting the drug transaction evidence.

**AFFIRMED.**